1    **Garth W. Aubert, SBN 162877**
     garth.aubert@fitzhunt.com
2    **Carolina Nunez, SBN 334528**
     carolina.nunez@fitzhunt.com
3    **FITZPATRICK & HUNT,**
   **PAGANO, AUBERT, LLP**
4    633 West Fifth Street, 60th Floor
   Los Angeles, CA 90071
5    Tel.: (213) 873-2100 / Fax: (213) 873-2125
6
   Attorneys for Defendant,
7    ABM AVIATION, INC.

8            UNITED STATES DISTRICT COURT

9            CENTRAL DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11  REGINALD HARRIS, | Case No. 2:22-cv-05079 |
| 12                Plaintiff, | **DEFENDANT ABM AVIATION,** |
| 13       vs. | **INC.'S NOTICE OF REMOVAL OF ACTION UNDER DIVERSITY OF** |
| 14 | **CITIZENSHIP** |
| 15  ABM BUILDING VALUE, a business entity form unknown; ABM | **(28 U.S.C. §§ 1332, 1441, and 1446)** |
| 16  INDUSTRIES, INC.; a business form unknown; and DOES 1 to 50, | [Removal from the Superior Court of California for the County of Los Angeles, |
| 17 | Case No. 22STCV17068] |
| 18                Defendants. | |

19

20       Defendant ABM AVIATION, INC., (erroneously sued and served as ABM

21 INDUSTRIES, INC.) (hereinafter "ABM"), hereby removes the above captioned

22 civil action from the Superior Court of the State of California for the County of Los

23 Angeles to this Court pursuant to 28 U.S.C. §§§ 1332, 1441, and 1446 on the

24 following grounds:

25                 **PROCEDURAL BACKGROUND**

26       1.     On May 24, 2022, Plaintiff Reginald Harris (hereinafter "Plaintiff")

27 commenced an action in the California Superior Court, County of Los Angeles,

28 entitled *Reginald Harris v. AMB Building Value, a business entity form unknown;*

1   *ABM Industries, Inc.; a business entity form unknown; and Does 1 to 50*, inclusive,

2   Case No. 22STCV17068.  In both the Summons and Complaint Plaintiff evidently

3   misspells "ABM Building Value" as "AMB Building Value", specifically listing

4   defendants as AMB Building Value; a business entity form unknown; ABM

5   Industries, Inc.; a business entity form unknown; and Does 1 to 50, inclusive.

6        2.    The entity identified in the original Complaint as "ABM Industries,

7   Inc." is the incorrect defendant, and ABM Aviation, Inc., is the correct defendant in

8   this action.  Further, "ABM Building Value" is not a legal entity.  It is a service

9   mark used by ABM and registered to ABM with the US Patent and Trademark

10   Office.

11       3.    On June 22, 2022, Plaintiff erroneously served the Complaint on ABM

12   Industries Incorporated.  Upon information and belief, no other defendants have

13   been properly sued or served in this litigation.

14       4.    On July 21, 2022, ABM filed an Answer to Plaintiff's Complaint with

15   the Los Angeles Superior Court, a conformed copy is attached hereto as Exhibit A.

16       5.    Pursuant to 28 U.S.C. § 1446(a), copies of the Complaint and all other

17   process, pleadings, and orders served on ABM in the Los Angeles Superior Court

18   are collectively attached hereto as Exhibit B.

19                     **JURISDICTION**

20       6.    This Court has jurisdiction over this action pursuant to 28 U.S.C. §

21   1332 because the parties are diverse, the amount in controversy exceeds

22   $75,000.00, and no defendant is a citizen of the State of California.

23       7.    Complete diversity jurisdiction exists because:

24          a.    Plaintiff is a citizen of the State of California.

25          b.    ABM is a corporation formed under the laws of the State of

26               Georgia, with its principal place of business in Texas.

27       8.    While ABM does not concede that Plaintiff is entitled to damages, the

28   matter in controversy plainly exceeds $75,000.00.  Plaintiff alleges that on May 30,

1  2020, he was injured when he was in the "restroom located next to the door to the
2  managers' office of the American Airlines of Terminal 4, ground level" and
3  suddenly slipped and fell on "wet and slippery floor surface."   Complaint at 5.
4  Plaintiff further contends that there were no warnings signs of the dangerous
5  condition.  *Id.*  Plaintiff alleges that he was injured as a result of the "defendants,
6  and each of them, failing to inspect, repair, and maintain and/or negligently
7  inspecting, repairing, and maintaining the premises upon which plaintiff fell."  *Id.*
8  Plaintiff alleges he was injured "in his health, strength and activity, sustaining
9  injury to his body and shock and injury to his nervous system and person, all of
10 which caused and continue to cause great mental, physical and nervous pain and
11 suffering."  *Id.* at 3.  Plaintiff states he suffered severe injuries for which he has
12 incurred and "continues to incur medical and hospital bills."  *Id.* at 3.  In his
13 Statement of Damages, Plaintiff claims damages totaling $883,967.00.  (Exhibit C.)
14 For all the foregoing reasons, the amount in controversy definitively exceeds the
15 $75,000.00 threshold.

16      9.    This action is properly removed because there is complete diversity.
17 ABM, which is incorporated in Georgia and maintains its principal place of
18 business in Texas, is the proper defendant.  "ABM Building Value" is not a legal
19 entity, but is a service mark and therefore cannot be sued and served.  *See Govango,*
20 *Inc. v. Malabar Bay, LLC*, No. 11-1600, 2012 U.S. Dist. LEXIS 70514, at *7 (E.D.
21 La. May 21, 2012) ("service marks are not legal entities and do not have capacity to
22 sue or be sued"); *see also Toma & Petros, DDS, Inc. v. The Hartford*, No.
23 17cv1029-MMA (NLS), 2017 U.S. Dist. LEXIS 125412, at *2 (S.D. Cal. Aug. 8,
24 2017) ("Defendant The Hartford is not a legal entity, but rather is a service mark
25 owned by Hartford Fire Insurance Company").  Further, this action is properly
26 removed because ABM is not a citizen of California, the state in which Plaintiff
27 brought the action.  *See* 28 U.S.C. § 1441(b).
28 ///

NOTICE OF REMOVAL

**TIMELINESS OF REMOVAL**

10. This Notice of Removal is timely under 28 U.S.C. § 1446(b). ABM filed the Notice of Removal within thirty (30) days of service of the Summons and Complaint, which occurred on June 22, 2022. The Summons and Complaint were the first pleading served on ABM in connection with this action. As such, the timeline for removal provided in section 1446(b) did not commence until ABM was served with the Complaint. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354-56; 28 U.S.C. § 1446(b)(3).

**VENUE AND INTRADISTRICT ASSIGNMENT**

11. Venue is proper in this District pursuant to 28 U.S.C. § 1441(a) because the Complaint was filed, and is currently pending, in the Superior Court of California, County of Los Angeles.

**RESERVATION OF RIGHTS AND DEFENSES**

12. ABM expressly reserves all of its defenses and rights, and none of the foregoing shall be construed in any way as conceding the truth of any of Plaintiff's allegations or waiving any of ABM's defenses.

DATED: July 22, 2022

Respectfully submitted,

FITZPATRICK & HUNT,
PAGANO, AUBERT, LLP

By: _____
Garth W. Aubert
Carolina Nunez
Attorneys for Defendant
ABM AVIATION, INC.